United States District Court
Southern District of Texas
**ENTERED**
July 23, 2020
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RODOLFO MIRELES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:19-cv-197 |
| | § | |
| MTC WILLACY COUNTY REGIONAL | § | |
| DETENTION FACILITY, VALLEY | § | |
| BAPTIST MEDICAL CENTER, UNITED | § | |
| STATES MARSHALS SERVICE, AND | § | |
| DUSM LARA, | § | |
| Defendants. | § | |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff Rodolfo Mireles' "Prisoner Pro Se Complaint for Violation of Civil Rights" (hereinafter, Mireles' "Complaint"). Dkt. No. 1. The Court is also in receipt of Mireles' "Application to Proceed in District Court Without Prepaying Fees or Costs" and "Prisoner Trust Account Statement" (hereinafter, collectively, Mireles' "IFP Application"). Dkt. Nos. 2, 10. For the reasons provided below, it is recommended that: (1) Mireles' IFP Application be **DENIED**; (2) the Complaint be **DISMISSED WITH PREJUDICE**; and (3) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

### I.     Jurisdiction

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.     Background and Procedural History

On May 15, 2019, Mireles pleaded guilty to possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).  Cr. Dkt. No. 48; Cr. Dkt. Minute Entry dated May 15, 2019.[1]  On February 26, 2020, United States District Judge Rolando Olvera sentenced Mireles to 78 months of imprisonment, a two-year term of supervised release, restitution in the amount of $30,000, and a special assessment of $100.  Cr. Dkt. Minute Entry dated Feb. 26, 2020.  Judgment was entered on March 16, 2020.  Cr. Dkt. No. 63.

On October 15, 2019, Mireles filed his first "Prisoner Pro Se Complaint for Violation of Civil Rights" (hereinafter, Mireles' "First Complaint").  Dkt. No. 1.  In his First Complaint, Mireles alleges that the following took place when he was detained at MTC Willacy County Regional Detention Facility ("MTC Willacy"), a private detention facility in Texas, between the dates of May 15, 2018 and July 20, 2018.  Dkt. Nos. 1 at 2; 1-1 at 1. Mireles claims that MTC Willacy and Valley Baptist Medical Center ("Valley Baptist") violated his rights.  *Id.*  Specifically, Mireles alleges that MTC Willacy committed the following violations: (1) overprescribed medication that almost caused his death; (2) failed to intervene when he was assaulted by a Valley Baptist employee; and (3) subjected him to cruel and unusual punishment when the temperature during a two-hour bus transport was set at thirty-degrees Fahrenheit.  Dkt. Nos. 1 at 3–5; 1-1 at 4. Similarly, Mireles alleges that Valley Baptist is responsible for the following violations: (1) an employee assaulted him; (2) it committed malpractice and misdiagnosed him in violation of his civil rights; and (3) overprescribed medication caused an unnecessary

---

[1] "Cr. Dkt. No." refers to Mireles' underlying federal conviction. Whereas, "Dkt. No." corresponds to Mireles' instant Complaint, No. 1:19-cv-197.

surgical procedure. Dkt. Nos. 1 at 3–5; 1-1 at 2. In his First Complaint, Mireles certifies that he is bringing a *Bivens* action and seeks $10.5 million dollars in damages for pain and suffering. Dkt. No. 1 at 3, 5.

On January 16, 2020, Mireles filed his second "Prisoner Pro Se Complaint for Violation of Civil Rights" (hereinafter, Mireles' "Second Complaint"). *See Mireles v. United States Marshal Service and DUSM Lara*, No. 1:20-cv-011, Dkt. No. 1. In his Second Complaint, Mireles claims that the United States Marshals Service ("Marshals Service") and Deputy United States Marshal Bobby Lara ("DUSM Lara") violated his rights. Dkt. No. 1 at 2. Specifically, Mireles alleges that the Marshals Service: (1) unlawfully restrained him "for surgery;" (2) failed to protect him from undergoing an unnecessary surgical procedure; and (3) failed to intervene when he was assaulted by a Valley Baptist employee. *Id*. at 3, 12. Mireles also alleges that DUSM Lara threatened to place him in solitary confinement without treatment and later did so. *Id*. at 5, 12. Mireles certifies in his Second Complaint—just as he did in his First Complaint—that he is bringing a *Bivens* action and seeks damages for pain and suffering. Dkt. No. 1 at 3, 5. Because Mireles brings *Bivens* claims with related underlying facts based on the same incident, the Court consolidated both civil actions. *See* Dkt. No. 14.

### III.   Legal Standards

#### A.   *Bivens* Action

An individual has a private right of action against federal officers alleged to have violated that individual's constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *Bivens* claims provide a cause of action for constitutional violations committed by federal officers under color of

federal law. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). To succeed under a *Bivens* action, a federal prisoner must demonstrate a constitutional violation by federal actors. *See Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982). *Bivens* actions are limited to actions against federal actors for violations of constitutional rights under the Fourth Amendment, Due Process Clause of the Fifth Amendment, and Cruel and Unusual Punishments Clause of the Eighth Amendment. *Malesko*, 534 U.S. at 67. There is no "automatic entitlement" to a damages remedy under *Bivens*. *Wilkie v. Robbins*, 551 U.S. 537, 550, 127 S. Ct. 2588, 168 L. Ed. 2d 389 (2007). The Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Malesko*, 534 U.S. at 66. An expansion of *Bivens* beyond its recognized application is a "disfavored" remedy. *Ziglar v. Abbasi*, —U.S.—, 137 S. Ct. 1843, 1857, 198 L. Ed. 2d 290 (2017).

**B.     Preliminary Screening**

When a prisoner seeks leave to proceed *in forma pauperis*, his complaint is subject to screening pursuant to § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2); *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998) (same). A prisoner does not have a right to proceed *in forma pauperis*, instead "it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988) (quoting *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). The Court must *sua sponte* dismiss a prisoner complaint without service of process, if the Court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A district court need not await any responsive

pleading to conduct its inquiry" for an action filed *in forma pauperis*. *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995); *Bohannan v. Doe*, 527 Fed. Appx. 283, 289 (5th Cir. 2013) ("The screening function occurs before defendants are expected to respond and is entitled to discourage the waste of judicial and private resources on baseless lawsuits.").

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).

## C.   Pro Se Status

A plaintiff's pro se filings are "to be liberally construed," and their pro se complaint no matter how "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). The filings of pro se plaintiffs are given the liberal construction that affords all reasonable inferences which can be drawn. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000). Though a liberal construction is given, it "does not exempt a party from

compliance with the relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

## IV.   Discussion

Before the Court can permit Mireles to proceed *in forma pauperis*, the Court has an obligation to review his Complaint to determine whether his claims fail to state a claim upon which relief can be granted pursuant to 28 U.S.C. 1915(e)(2)(B).  The Court, having conducted this screening process, finds that Mireles' claims are meritless.  Specifically, Mireles has failed to exhaust his administrative remedies; and, in the alternative, Defendants are not proper defendants under *Bivens*.  The Court also finds that an opportunity to amend would not change the outcome of this case.  *Edmiston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 408 (5th Cir. 2019) (denying leave to amend when defendants are immune from suit); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").  Mireles, then, should be denied leave to proceed *in forma pauperis*, and his Complaint should be dismissed.[2]

## A.   Mireles has Failed to Exhaust his Administrative Remedies

Mireles has not provided evidence to show that he has exhausted his administrative remedies prior to filing his *Bivens* action in federal court.  Pursuant to the

---

[2] The Court is aware that "[b]efore dismissing a pro se litigant's case for failure to state claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies, which is primarily done by . . . requesting a more definite statement through a questionnaire." *Graves v. Cain*, 734 Fed. Appx. 914, 915 (5th Cir. 2018) (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)).  However, the Court finds that a request for a more definite statement would not change the outcome of this case: Mireles has failed to exhaust his administrative remedies and failed to state a claim upon which relief can be granted.

Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all administrative remedies before bringing a lawsuit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The PLRA's exhaustion requirement is mandatory, meaning that unexhausted claims may not be brought in federal court. *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Moreover, under the PLRA, "a district court may only 'dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust administrative remedies, *if the complaint itself makes clear* that the prisoner failed to exhaust.'" *Yankton v. Epps*, 652 Fed. Appx. 242, 247 (5th Cir. 2016) (per curiam) (quoting *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (emphasis in original; brackets omitted); *Scott v. Thomas*, 553 Fed. Appx. 462, 463 (5th Cir. 2014) (per curiam) (same).

Administrative remedies must be exhausted regardless of the type of relief sought and regardless of whether that type of relief is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). The Supreme Court in *Woodford v. Ngo* held that the PLRA demands complete exhaustion before any claim can be brought to federal court:

> Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all "available" remedies, not just those that meet federal standards. Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process. Finally, exhaustion of available administrative remedies is required for any suit challenging prison conditions.

*Id.* at 85 (internal citations omitted).  This means that "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones,* 549 U.S. at 218 (internal quotation marks and citation omitted).

Federal prisoners bringing a *Bivens* action must also exhaust their administrative remedies.  *Porter v. Nussle,* 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) ("Thus federal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."); *Schpike v. Van Buren,* 239 Fed. Appx. 85, 86 (5th Cir. 2007) (same).  Federal prisoners bringing a lawsuit related to their confinement must follow the Bureau of Prisons administrative grievance process, including those in private prisons or detention facilities.  *See* 28 C.F.R. § 542.10.[3]  Administrative remedies that must be exhausted before bringing a *Bivens* action involves a four-step grievance procedure: (1) an informal resolution of the issue with prison staff, submitted by form BP-8; (2) a formal administrative remedy request to the Warden, submitted by form BP-9; (3) an appeal to the Regional Director, submitted by form BP-10; and (4) a national appeal to the Office of General Counsel in Washington, D.C., submitted by form BP-11.  *See* 28 C.F.R. § 542.13–15.

Here, Mireles has not supplied the prerequisite BOP forms to demonstrate that he has appealed to the Regional Director and Office of General Counsel to exhaust his

---

[3] "This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement."  28 C.F.R. § 542.10(b).

administrative remedies. Instead, Mireles avers that he has only filed a grievance within MTC Willacy. Dkt. No. 1 at 7. Mireles purports that he did not file an appeal because: (1) he is unfamiliar with the grievance process; (2) he was receiving medical treatment; (3) he needs assistance; and (4) he claims that everyone is against him. *Id.* at 7–8. Critically, this is not enough to excuse the exhaustion requirements imposed by the PLRA. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted). Mireles has failed to meet his burden of demonstrating futility in exhausting his administrative remedies. Moreover, Mireles admits that his administrative remedies are unexhausted.[4] *See* Dkt. No. 1 at 7.

Without proper exhaustion, Mireles' Complaint is subject to dismissal. The Fifth Circuit adheres to a strict approach to the exhaustion requirement. *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Under this strict approach, "mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion." *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). A prisoner's lack of knowledge concerning grievance procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir. 2007) (per curiam). Dismissal is proper when a prisoner fails to exhaust his administrative remedies. *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995). Mireles has

---

[4] In his Complaint Mireles states that "[s]ome grievances step 1 are compleat and 2 compleat, some step 2 did not get completed because I was told I was wrong." *See* Dkt. No. 1 at 7 (errors in original).

not completed the grievance process, he has not demonstrated futility to excuse exhaustion, and his general lack of knowledge does not excuse his noncompliance.

The Court finds that Mireles' Complaint "itself makes clear" that he has failed to exhaust his administrative remedies. *See Yankton*, 652 Fed. Appx. at 247. Accordingly, Mireles' Complaint should be dismissed for his admitted failure to exhaust. *Holloway v. Gunnell*, 685 F.2d 150, 152 (5th Cir. 1982) ("[A] pauper's complaint may also be dismissed prior to service of process for lack of venue or failure to exhaust administrative remedies if the deficiency is so clear that it renders plaintiff's attempt to prosecute the suit frivolous.").

## B.   Mireles' *Bivens* Claims are Meritless

In his Complaint, Mireles names four defendants; only DUSM Lara is an individual. The other three defendants are entities: MTC Willacy, Valley Baptist, and the United States Marshals Service. As explained below, MTC Willacy, Valley Baptist, and the United States Marshals Service are not proper defendants. Moreover, Mireles cannot bring a *Bivens* action against DUSM Lara because a *Bivens* remedy cannot be expanded beyond its recognized context. Therefore, Mireles' Complaint is subject to dismissal.

### 1.   *Private Entities are Not Proper Defendants.*

Both MTC Willacy and Valley Baptist cannot be held liable under *Bivens*; therefore, they are not proper defendants. A plaintiff, to succeed under *Bivens*, must allege that an *individual* acting under color of federal law deprived him of a right secured by the Constitution. *See Bivens*, 403 U.S. at 395–97 (emphasis added). Defendants MTC Willacy and Valley Baptist are both private entities, not individuals. First, Management and Training Corporation ("MTC") is a private corporation that owns and operates MTC Willacy. MTC Willacy houses federal inmates on behalf of the Bureau of Prisons. Second,

Valley Baptist is a private hospital that provides medical care to residents of the Rio Grande Valley and prisoners housed at MTC Willacy.

The Supreme Court has declined to extend *Bivens* liability against private entities acting under color of federal law. *See Malesko*, 534 U.S. at 67 (holding that a *Bivens* action is not available against a private corporation operating under contract with the federal government). Mireles, then, cannot maintain a *Bivens* action against either MTC Willacy or Valley Baptist. *See Oriakhi v. Geo Group, Inc.*, 579 Fed. Appx. 292 (5th Cir. 2014) ("A *Bivens* suit may not be brought against a private corporation . . . or its employees if the conduct is the type that typically falls within the scope of traditional state tort law."); *Rodriguez v. Giles W. Dalby Corr. Facility*, 552 Fed. Appx. 382, 383 (5th Cir. 2014) ("But because [defendant] is a private facility, no *Bivens* action is available against either the prison or its employees."). Mireles' claims against MTC Willacy and Valley Baptist are subject to dismissal for failure to state a claim.

### 2.   *Private Employees are Not Proper Defendants.*

A plaintiff may sue unidentified defendants when their true names are not known but can be learned through discovery. *Bivens*, 403 U.S. at 390 n. 2. *Bivens* actions are permitted only when, through discovery, it is possible that a plaintiff could identify unknown defendants by: (1) physical descriptions; (2) partial names or nicknames, position, date, time specifics of the incident; or (3) from duty roster and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992).

Allowing Mireles to identify the identities of the various unnamed prison and hospital employees referenced in his Complaint would not save his case from dismissal.

Even assuming Mireles could find the true names of the unidentified employees, it does not change the fact that MTC Willacy and Valley Baptist employees are not federal actors. A *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacity. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Although those unnamed employees cannot be held liable under *Bivens*, Mireles still retains an available remedy under Texas state tort law.

The Supreme Court in *Minneci v. Pollard* held that a prisoner must seek redress under state law when state tort law provides an adequate remedy:

> [A] federal prisoner [that] seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

565 U.S. 118, 131, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012). "State-law remedies and a potential *Bivens* remedy need not be perfectly congruent." *Id.* at 129. As a result, *Bivens* does not extend to employees working at private prisons because private prison employees are not attributable to the federal government. *Holly v. Scott*, 434 F.3d 287, 288 (4th Cir. 2006) ("We decline to extend the *Bivens* cause of action . . . because the actions of the private prison employees are not fairly attributable to the federal government and because the inmate has adequate remedies under state law."); *Ayala-Gutierrez v. Doe*, 697 Fed. Appx. 285, 286 (5th Cir. 2017) (holding that a private prison and its employees "cannot be liable as private actors under *Bivens*.").

Mireles alleges that MTC Willacy employees denied him adequate medical care and overdosed him on medication. Dkt. No. 1 at 3–5. Similarly, Mireles alleges that Valley

Baptist employees conducted an intrusive surgery without his permission, and that one of its employees physically assaulted him. *Id.* Texas state law "imposes general tort duties of reasonable care (including medical care) on prison employees." *Minneci,* 565 U.S. at 127–28. Texas law provides that a prisoner may pursue medical malpractice claims against a prison healthcare provider. *Tejeda v. Gernale,* 363 S.W.3d 699, 7001 (Tex. App.–Houston 2011). Texas law also provides that a prisoner that alleges an Eighth Amendment violation may bring an action for monetary damages against a prison employee. *Birdo v. Debose,* 819 S.W.2d 212, 215–16 (Tex. App.–Waco 1991). Because Texas state tort law provides an adequate remedy for claims involving negligence and medical care, Mireles cannot pursue a *Bivens* action against MTC Willacy and Valley Baptist employees in federal court. *See Minneci,* 565 U.S. at 130–31.

### 3.    *Federal Agencies are Not Proper Defendants.*

Mireles brings a *Bivens* action against the United States Marshals Service, a federal law enforcement agency. Mireles fails to state a claim; a federal agency cannot be held liable under *Bivens. F.D.I.C. v. Meyer,* 510 U.S. 471, 484–86, 114 S. Ct. 996, 127 L. Ed. 308 (1994). It is important to note that "the purpose of *Bivens* is to deter *the officer*" and not a federal agency. *Id.* at 485 (emphasis in original). Otherwise, allowing a *Bivens* action against federal agencies "would mean the evisceration of the *Bivens* remedy, rather than its extension" and "the deterrent effects of the *Bivens* remedy would be lost." *Id.* Mireles cannot maintain a suit against the United States Marshals Service, since a *Bivens* action is limited only to individual federal officers for constitutional violations. *See Malesko,* 534 U.S. at 66.

Because a *Bivens* action cannot be brought against MTC Willacy, Valley Baptist, or the United States Marshals Service, Mireles fails to allege a cognizable *Bivens* action. His

claims, then, against these three Defendants should be dismissed. *Wilkie*, 551 U.S. at 550 ("We have seen no case for extending *Bivens* to claims against federal agencies, or against private prisons.") (internal citations omitted).

### 4.    *Bivens Does Not Extend to New Contexts or Defendants.*

Mireles alleges that, when he was a pretrial detainee, DUSM Lara threatened to send him to solidarity confinement without medical treatment and later did so. Dkt. No. 1 at 12. Though Mireles' claim lacks specificity, it appears that he is alleging that DUSM Lara was indifferent to his medical condition. *See id.* The Supreme Court has expressly cautioned that "if there is an alternative structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1863. As such, courts must take a cautious approach and avoid expanding *Bivens* beyond its recognized context:

> [T]o determine whether a *Bivens* remedy is available, courts must first assess whether [plaintiff's] claims present a new *Bivens* context. If so, there are two circumstances where *Bivens* does not recognize an implied cause of action for constitutional violations. First, *Bivens* claims are unavailable "if there are special factors counseling hesitation in the absence of affirmative action by Congress." Second, *Bivens* remedies may be foreclosed by congressional action where an "alternative existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."

*See Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017) (internal quotation marks and citation omitted). Because of these considerations, "courts may not create [a cause of action], no matter how desirable that might be as a policy matter." *Alexander v. Sandoval*, 532 U.S. 275, 286–87, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001).

Here, Mireles' *Bivens* claim against DUSM Lara presents a new context, implicating the Fifth Amendment for deliberative indifference. *See Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998) ("[P]retrial detainees are protected by the

due process clause of the Fifth and Fourteenth Amendments."); *Baker v. Putnal*, 75 F.3d 190, 198–99 (5th Cir. 1996) ("Pre-trial detainees may not bring a cause of action based on the Eighth Amendment."). *Bivens* is limited only to specific constitutional violations under the Fourth Amendment, Due Process Clause of the Fifth Amendment, and Cruel and Unusual Punishments Clause of the Eighth Amendment. *Malesko*, 534 U.S. at 67. Indeed, the Supreme Court recognized in *Ziglar v. Abbasi* that although the pretrial detainees' claims brought under *Bivens* and the Fifth Amendment closely resembled a recognized *Bivens* action under the Eighth Amendment for deliberative indifference, it still constituted a "new-context inquiry" because "even a modest extension is still an extension" that represents "at the very least meaningful ones." *Ziglar*, 137 S. Ct. at 1864–65. Accordingly, courts should determine whether "there is an alternative remedial structure present in a certain case, [since] that alone may limit the power of the judiciary to infer a new *Bivens* cause of action." *Ziglar* at 1858. When an alternative remedy is available, there is no need to expand *Bivens* based on a pretrial detainee's Fifth Amendment violation. *Morgan v. Shivers*, No. 1:14-cv-7921-GHW, 2018 WL 618451, at *5–6 (S.D.N.Y. Jan. 29, 2018).

In this case, there are alternative remedies available for Mireles to pursue his claims such as the PLRA grievance process, injunctive relief, and Texas state tort law. *Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018) ("Alternative remedial structures can take many forms, including administrative, statutory, equitable, and state law remedies.") (internal quotation marks omitted). Mireles has other forms of relief available; there is no need to infer a new *Bivens* action in the Fifth Amendment context in connection with pretrial detainees. Mireles' claim against DUSM Lara, then, is also subject to dismissal.

## V.      Recommendation

For the reasons provided above, it is **RECOMMENDED** that: (1) Mireles' IFP Application be **DENIED**; (2) the Complaint be **DISMISSED WITH PREJUDICE**; and (3) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

## VI.      Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **23rd** day of July, 2020, at Brownsville, Texas.

Ignacio Torteya III
United States Magistrate Judge